IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LOCAL NO. 499, BOARD OF TRUSTEES OF THE SHOPMEN'S PENSION PLAN,** | CASE NO. 3:19 CV 2174 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ART IRON, INC., et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## INTRODUCTION

Plaintiff, the Board of Trustees ("Board") of the Shopmen's Local 499 Pension Plan ("the Plan"), brought suit against Art Iron, Inc., ("Art Iron") seeking to recover an assessment of withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"). Currently pending before the Court are Plaintiff's and Robert Schlatter's competing Motions for Summary Judgment (Docs. 51, 52). For the reasons discussed below, the Court grants Plaintiff's motion and denies Robert Schlatter's.

## BACKGROUND

Procedural Background

The Plan is a multiemployer pension plan under ERISA. (Doc. 38, at 1). Art Iron is an Ohio corporation which entered a collective bargaining agreement on September 11, 2015, to contribute to the Plan. *Id.* at 1-2. This agreement ended on December 1, 2017, and Art Iron did not enter a new collective bargaining agreement; its obligation to contribute to the Plan ceased on that date. *Id.* at 2. In January 2018, Art Iron liquidated most of its assets. *Id.*

On July 30, 2018, a federal tax lien was filed against property at 860 Curtis Street, Toledo, Ohio; this property was Art Iron's principal place of business and was owned by AI Real Estate. *Id.* AI Real Estate was dissolved November 6, 2019. *Id.* On October 10, 2018, the Plan sent a letter to Art Iron, AI Real Estate, and Robert Schlatter demanding payment of withdrawal liability in its entire amount in accordance with ERISA by November 15, 2018. *Id.* On January 3, 2019, Art Iron requested review of issues related to the demand letter and the withdrawal liability. *Id.* On September 19, 2019, the Plan sued for the withdrawal liability. *Id.*

This Court previously held the Plan's demand letter constituted sufficient notice to Art Iron to trigger the clock for arbitration of disputes regarding the withdrawal liability under ERISA. (Doc. 38, at 11). The Court further held Defendants missed the arbitration deadline and could no longer contest the fact or amount of withdrawal liability owed by Art Iron. *Id.* at 11-14.

On June 1, 2022, Plaintiff and Defendant Robert Schlatter filed competing Motions for Summary Judgment regarding the personal liability of Robert Schlatter and Mary Schlatter for the withdrawal liability. (Docs. 51 and 52).

Relevant Facts

In December 2017, when Art Iron stopped operating and ceased contributing to the Plan, Robert Schlatter was its sole shareholder. (R. Schlatter Depo., Doc. 50-1, at 28). Robert Schlatter is married to Mary Schlatter; they have been married since 1995. (M. Schlatter Depo., Doc. 50-2 at 10). In December 2017, one of their sons was under age 18. (Ex. 10, Doc. 50-3, at 341).

In 2013, Robert Schlatter filed tax documents including Schedule C Net Profit from Business forms, Schedule SE Self-Employment forms and 1099 Miscellaneous Income forms. (Ex. 6, Doc. 50-3, at 180, 183, 222; R. Schlatter Depo., Doc. 50-1, at 49-52). He filed these forms each subsequent year through 2017; on the Schedule C forms, Robert Schlatter listed himself as a sole

proprietor engaged in consulting. (Exs. 8-15, Doc. 50-3, at 233, 239, 287, 304, 310, 364, 396, 404, 482, 499, 505, 565; R. Schlatter Depo., Doc. 50-1, at 53-54, 55-58, 59, 61, 63). He never amended these tax returns. (R. Schlatter Depo., Doc. 50-1, at 50, 54-55, 57, 60-61, 66-67). In deposition, Robert Schlatter contradicted his tax returns by testifying he did not run a sole proprietorship or perform consulting work. (*Id.* at 60).

In 2013, Mary Schlatter filed tax documents including Schedule C and Schedule SE forms. (Ex. 7, Doc. 50-3, at 176, 184; M. Schlatter Depo., Doc. 50-2, at 36-38, 41). She again filed these forms in 2014, 2015, and 2016. (Exs. 8-12, Doc. 50-3, at 234, 238, 305, 309, 398, 403; M. Schlatter Depo., Doc. 50-2, at 42-44, 47-48, 50-52). On the Schedule C forms, Mary Schlatter listed herself as a sole proprietor engaged in jewelry sales under the business name Catherine DiSalle LLC. (Doc. 50-3, at 174, 234, 305, 398). In 2016 and 2017, Mary Schlatter filed Ohio State, County, and Transit Sales Tax Returns. (Exs. 18-19, Doc. 50-3, at 602, 604; M. Schlatter Depo., Doc. 50-2, at 53-55). She never amended her individual tax returns. (M. Schlatter Depo., Doc. 50-2, at 42, 44, 48). In her interrogatory responses, Mary Schlatter stated she has sold jewelry and uses a separate bank account for jewelry costs and profits. (Ex. 5, Doc. 50-3, at 158, 161). Like her husband, in deposition Mary Schlatter denied she ran a business. (M. Schlatter Depo., Doc 50-2, at 52).

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine

the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

## DISCUSSION

Plaintiff alleges the Schlatters are each personally liable for Art Iron's withdrawal liability because each ran a trade or business under "common control" with Art Iron. (Doc. 51, at 1). Under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1). The meanings of "common control" and "trade or business" for ERISA and MPPAA purposes are defined by the Internal Revenue Code in 26 U.S.C. § 414. *Id.* The primary purpose of this provision is "to ensure that employers will not circumvent their ERISA and MPPAA obligations by operating through separate entities." *Mason & Dixon Tank Lines, Inc., v. Cent. States, Se. & Sw. Areas Pension Fund*, 852 F.2d 156, 159 (6th Cir. 1988).

4

The Treasury Regulations for 26 U.S.C. § 414 define a group under common control, in relevant part, as:

> two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals . . . own . . . a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization.

26 C.F.R. § 1.414(c)-1. A controlling interest is defined by ownership of at least 80 percent of voting power or 80 percent of total share value. 26 C.F.R. § 1.414(c)-2(b)(2)(A). Effective control is defined by ownership of at least 50 percent of voting power or 50 percent of total share value. 26 C.F.R. § 1.414(c)-2(c)(2).

The Sixth Circuit has held an organization need not be incorporated to be a "trade or business." *Mason & Dixon Tank Lines*, 852 F.2d at 159. Beyond that, what might qualify as a "trade or business" in Ohio is not clear. Neither 26 U.S.C. § 414 nor the applicable regulations define "trades or businesses." Plaintiff primarily relies on nonbinding district court cases from other Circuits to define it; Defendant Robert Schlatter relies on a memorandum decision from a Tax Court, which is also not binding on this Court. *See Rhoades, McKee & Boer v. United States*, 822 F. Supp. 445, 449 (W.D. Mich. 1993), *aff'd in part*, 43 F.3d 1071 (6th Cir. 1995).

Some Circuit Courts have used, for ERISA purposes, the test set forth in *Comm'r of Internal Revenue v. Groetzinger* to define "trade or business", a two-factor test inquiring into (1) the primary purpose of the entity in question and (2) whether the entity's activity is continuous and regular. 480 U.S. 23, 35 (1987). The Sixth Circuit expressly rejected using the *Groetzinger* test for ERISA purposes and held an "entity that leases property to its commonly controlled company is categorically a trade or business". *Pension Benefit Guar. Corp. v. Findlay Indus., Inc.*, 902 F.3d 597, 606-07 (6th Cir. 2018). The *Findlay* court did not, however, provide a categorical

5

test for determination of a trade or business in cases outside the property leasing context. The Southern District of Ohio has found sole proprietorships can be considered trades or businesses under the MPPAA and reached for withdrawal liability, as there is no distinction between a sole proprietorship as a business entity and the individual proprietor. *Bd. of Tr. of Plumbers, Pipe Fitters & Mech. Equip. Serv., Loc. Union 392 Pension Fund v. Airstream Mech.*, 2010 WL 3656036, at *9 (S.D. Ohio). This Court finds, considering the Sixth Circuit's reluctance to use the *Groetzinger* test for ERISA matters, the Southern District of Ohio's holding that a sole proprietorship is a "trade or business" in the ERISA context to be correct.

No party contends Art Iron is not a "trade or business." As of Art Iron's withdrawal from the Plan in 2017, Robert Schlatter was its sole shareholder. (R. Schlatter Depo., Doc. 50-1, at 28). As the only individual with an interest in the company, he had both a controlling interest and effective control of Art Iron.

Plaintiff asserts, based on the tax records produced in discovery, Robert Schlatter also ran a consulting business as a sole proprietor. (Doc. 51, at 1). Plaintiff is correct. Robert Schlatter consistently filed tax returns clearly stating he was a sole proprietor engaged in consulting, and he never amended those tax returns. Tax returns are sworn statements. *Cf. United States v. Manore*, 2016 WL 499555, at *1 (N.D. Ohio) (citing 26 U.S.C. § 7206(1), which provides that making a false tax return under penalty of perjury is a felony). While Robert Schlatter argues he did not run a sole proprietorship or engage in consulting, relying on his deposition testimony to that effect, he cannot create an issue of fact merely by contradicting his prior sworn statements. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Most cases

involving contradiction of former testimony made under oath have to do with a party contradicting their deposition testimony with a later affidavit. *See Byrd v. Smith*, 850 N.E. 2d 47, 30 (Ohio 2006); *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). But the effect here is the same: Robert Schlatter attempts to create a triable issue of fact by contradicting his own prior testimony (his tax returns) by new testimony (his statements in deposition). He cannot do so. "[I]n disposing of a motion for summary judgment, a court need draw only *reasonable* inferences in favor of the nonmoving party; it need not construe the record in such a manner that is wholly unsupportable[.]" *Shreve*, 743 F.3d at 130 (internal quotations omitted) (emphasis in original). Robert Schlatter ran a sole proprietorship.

As a sole proprietor necessarily runs the business individually, a sole proprietor has a controlling interest and effective control of that proprietorship; thus, as of Art Iron's withdrawal from the Plan, Robert Schlatter also had a controlling interest and effective control of his sole proprietorship in consulting. This sole proprietorship forms a group under common control with Art Iron and renders Robert Schlatter individually liable for the withdrawal liability.

Plaintiff additionally argues Mary Schlatter is liable as part of the same controlled group. (Doc. 51, at 1). Under the Treasury Regulations, "an individual shall be considered to own an interest owned, directly or indirectly, by or for his or her spouse". 26 C.F.R. §1.414(c)-4(b)(5)(i). This spousal attribution rule applies unless the four elements of the non-involvement exception are met:

> (A) Such individual does not, at any time during such taxable year, own directly any interest in such organization;
>
> (B) Such individual is not a member of the board of directors, a fiduciary, or an employee of such organization and does not participate in the management of such organization at any time during such taxable year;

7

>(C) Not more than 50 percent of such organization's gross income for such taxable year was derived from royalties, rents, dividends, interest, and annuities; and
>
>(D) Such interest in such organization is not, at any time during such taxable year, subject to conditions which substantially restrict or limit the spouse's right to dispose of such interest and which run in favor of the individual or the individual's children who have not attained the age of 21 years.

26 C.F.R. § 1.414(c)-4(b)(5)(ii). Robert Schlatter owns Art Iron in its entirety. (R. Schlatter Depo., Doc. 50-1, at 28). There is no evidence Mary Schlatter had any involvement with the company. There is no evidence any of Art Iron's income came from royalties, rents, dividends, interest, or annuities, or that Robert Schlatter's ownership of Art Iron was subject to any conditions restricting or limiting his ability to dispose of his interest in favor of his minor children. The non-involvement exception of the spousal attribution rule is met, and Robert Schlatter's interest in Art Iron is not attributable to Mary Schlatter.

Robert Schlatter also owns a sole proprietorship. As with Art Iron, there is no evidence in the record that Mary Schlatter had any involvement with Robert Schlatter's consulting business. There is additionally no evidence any of the consulting business' income came from royalties, rents, dividends, interest, or annuities, nor evidence that Robert Schlatter's sole proprietorship was subject to any of the restrictive conditions on disposing of the business. Robert Schlatter's sole proprietorship is not attributable to Mary Schlatter.

Mary Schlatter also ran a sole proprietorship at the time Art Iron withdrew from the Plan.[1] As with Robert Schlatter's sole proprietorship, the record on this matter is clear: Mary Schlatter consistently filed tax returns stating she owned a sole proprietorship for jewelry sales. These tax returns were made under penalty of perjury and were not amended. As above, Mary Schlatter

---

1. The Court notes that Mary Schlatter never responded to Plaintiff's motion for summary judgment; even extending Mary Schlatter the courtesy of considering her husband's legal argument for her benefit, the Plaintiff's argument is correct.

8

cannot create an issue of material fact merely by later contradicting her own sworn statements. *Scott*, 550 U.S. at 380. As of the time of Art Iron's withdrawal from the Plan, Mary Schlatter owned a business. This business, like Robert Schlatter's sole proprietorship, meets the non-involvement exception to the spousal attribution rule. There is no evidence that Robert Schlatter had an ownership interest or participated in management of the business, that the business made any income from royalties, rents, dividends, interest, or annuities, or that there were restrictions on Mary Schlatter's ability to dispose of her interest.

An additional Treasury Regulation, however, requires attribution between a parent and a minor child. "An individual shall be considered to own an interest owned . . . by or for the individual's children who have not attained the age of 21 years, and if the individual has not attained the age of 21 years, an interest owned . . . by or for the individual's parents." 26 C.F.R. § 1.414(c)-4(b)(6). Defendant Robert Schlatter also cites to the corresponding section of the U.S. Code, which provides the same for ownership of stock. 26 U.S.C. § 1563(e)(6).

The Schlatters' youngest son was under age eighteen when Art Iron withdrew from the Plan. (Ex. 10, Doc. 50-3, at 341). As Robert Schlatter ran a sole proprietorship, his interest in that proprietorship was attributable to their son. Mary Schlatter also ran a sole proprietorship, so her interest in that business was also attributable to their son. As Defendant Robert Schlatter admits, "[b]ecause the Schlatters' minor son would be considered owning 100 [percent] of both unincorporated trades or businesses, they would then constitute a controlled group" with Art Iron. (Doc. 54, at 9-10). While Defendant Robert Schlatter notes a bill changing this particular law was passed by the U.S. House of Representatives in March 2022, this bill is not currently law. This Court is bound by the current U.S. Code and Treasury regulations.

9

"A sole proprietorship, though a business, is not a collective entity." *In re Grand Jury Proceedings*, 771 F.2d 143, 147 (6th Cir. 1985) (citing *United States v. Doe*, 465 U.S. 1237, 1240 (1984)). It "has no legal identity separate from that of the individual who owns it," regardless of whether the proprietor operates the business under another name. *See, e.g.*, *In re Gordon*, 2006 WL 4458370, at *2 (Bankr. N.D. Ohio) (citing *Patterson v. V&M Auto Body*, 63 Ohio St. 3d 573, 574-75 (1992)). Because Robert and Mary Schlatter owned sole proprietorships, there exists, through attribution to their son, a group of trades or businesses under common control for purposes of ERISA.

Plaintiff is therefore entitled to summary judgment. Consistent with this Court's prior opinion in this case holding Art Iron could no longer contest the fact or amount of its withdrawal liability and the findings of law above, Defendants Art Iron, Robert Schlatter, and Mary Schlatter are each liable for the withdrawal liability.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Summary Judgment be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant Robert Schlatter's Motion for Summary Judgment be, and the same hereby is, DENIED.

                                                                s/ *James R. Knepp II*
                                                              UNITED STATES DISTRICT JUDGE