IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BOARD OF THE TRUSTEES OF THE SHOPMEN'S LOCAL NO. 499 PENSION PLAN,** | CASE NO. 3:19 CV 2174 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ART IRON, INC., et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

Currently pending is a motion for attorney fees and costs pursuant to 29 U.S.C. § 1132(g) following this Court's judgment in favor of Plaintiff on motion for summary judgment. After Plaintiff filed the motion (Doc. 59), Defendants Robert Schlatter, Art Iron, Inc., and AI Real Estate Holdings, LLC, filed an opposition (Doc. 63)[1], and Plaintiff replied (Doc. 65). For the following reasons, the Court grants Plaintiff's motion and awards attorney fees and costs in the amount of $51,871.70.

### BACKGROUND

In December 2017, Defendant Art Iron, Inc., withdrew from a multiemployer pension fund to which it had been a party pursuant to a collective bargaining agreement; a month later, Art Iron liquidated its assets. (Doc. 38, at 1-2). In October 2018, Plaintiff, the board of that pension fund, issued a letter demanding payment of Art Iron's withdrawal liability in accordance with the

---

1. Defendant Mary Schlatter did not respond to the motion. Subsequent use of "Defendants" in this opinion refers to those Defendants that filed an opposition; however, Defendant Mary Schlatter is equally liable for the attorney fees and costs determined herein.

Employee Retirement Income Security Act of 1974 ("ERISA") by November 15, 2018. *Id.* at 2. Art Iron did not immediately pay the liability or request arbitration but requested review of the demand letter in January 2019. *Id.* On September 19, 2019, Plaintiff sued Defendants Art Iron, Inc., and AI Real Estate Holdings, LLC, for the withdrawal liability. *Id.* Plaintiff later added Robert Schlatter, the owner of Art Iron, and Mary Schlatter, his spouse, as Defendants. (Doc. 25, at 2).

This Court held Plaintiff's demand letter constituted sufficient notice to trigger the arbitration clock, and that having missed the arbitration deadline, Defendants could no longer contest the fact or amount of withdrawal liability owed under ERISA. (Doc. 38). And on motion for summary judgment, this Court held Robert and Mary Schlatter were each personally liable for the withdrawal liability in addition to Art Iron and AI Real Estate Holdings. (Doc. 57). This Court accordingly entered judgment in favor of Plaintiff against all Defendants in the amount of the $1,185,785 withdrawal liability, plus interest at the rate provided for in the Plan; liquidated damages in the amount of $237,157; and reasonable attorney fees and costs of the action. (Doc. 58). Plaintiff subsequently filed the instant motion for attorney fees and costs. (Doc. 63).

## DISCUSSION

Entitlement to Fees

Plaintiff asserts an award of attorney fees is mandatory under 29 U.S.C. § 1132(g)(2). Defendants argue this case falls under § 1132(g)(1), which leaves an award of attorney fees to the court's discretion. Section 1132 provides:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> * * *
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant[.]

29 U.S.C. §1132(g). Section 1145 states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Art Iron was obligated to contribute to the pension plan by the terms of the plan and by a collective bargaining agreement. *See* Doc. 38, at 1-2. Because Plaintiff filed suit to enforce § 1145 (Doc. 51, at 15) and this Court ruled in favor of Plaintiff, § 1132(g)(2) and its provision of attorney fees and costs are mandatory, not discretionary. *See, e.g.*, *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 382 (6th Cir. 1991); *Local Union No. 5 Tr. of Bricklayers & Masons, Ohio Pension Fund v. Masonry Cont. Corp.*, 2021 WL 243187, at *10 (N.D. Ohio). Additionally, on this same basis, this Court in its judgment entry held Plaintiff is entitled to "reasonable attorneys' fees and costs of the action." (Doc. 58, at 1).

Amount of Award

"[T]he 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." *Building Serv. Local 47 Cleaning Cont. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). This method, commonly used in § 1132(g) cases, "takes the reasonable hourly rate and multiplies it by the number of hours reasonably expended on litigation." *Iron Workers' Local No. 25 Pension Fund v. MCS General Cont., Inc.*, 229 F.3d 1152 (Table), at

3

*8 (6th Cir. 2000). Reasonable attorney fees are to include compensation for the work of paralegals at the prevailing market rate as well. *Missourt v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).

While the lodestar is the presumptive figure, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). These factors include, for example, the results obtained by the prevailing party, the time and labor required, the difficulty of the legal issues, the risk taken on, and the quality of the work performed by counsel. *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004). A case must usually be considered "rare" or "exceptional" to merit such an adjustment. *Id.* at 794-95.

While Defendants contest an award of attorney fees generally, they do not dispute the reasonableness of Plaintiff's calculations. Plaintiff seeks $51,871.70 total: $49,952.20 in attorney fees and $1,919.50 in costs. (Doc. 59, at 1). This figure is based on 154.4 hours of work over the course of three years of litigation. *Id.* at 5. The hourly rates for counsel were as follows:

> Here, the Board was billed for three timekeepers – Mr. Stack, a litigator, Mr. Newsom, an ERISA and employee benefits attorney, and Ms. Loo, a litigation paralegal. The Board was billed for Mr. Stack's time at an hourly rate of $305 during 2019, $320 during 2020, $340 during 2021 and $345 during 2022. The Board was also billed $345 for Mr. Newsom's time during the pendency of this action. Finally, the Board was billed at an hourly rate of $160 for Ms. Loo's time during the pendency of this action.

*Id.* at 4. Plaintiff avers it spent the $1,919.50 it seeks in costs on filing fees, process server fees, court reporter fees, and transcript fees. *Id.* at 5. Plaintiff submitted affidavits and timesheets in support of these calculations. (Doc. 59-1).

Federal district courts in Ohio have found figures similar to Plaintiff's proposed rates to be reasonable under the lodestar calculation in ERISA cases. *See Mikolajczyk v. Broadspire Serv., Inc.*, 499 F. Supp. 2d 958, 967 (N.D. Ohio 2007) (finding an hourly rate of $250 reasonable); *Klein v. Cent. States, Se. & Sw. Areas Health & Welfare Plan*, 621 F. Supp. 2d 537, 544 (N.D. Ohio

4

2009) (finding $300 reasonable); *Neiheisel v. AK Steel Corp.*, 2008 WL 163610, at *6 (S.D. Ohio) (finding $350 reasonable). While the paralegal hourly rate of $160 listed by Plaintiff is on the high end, it is not outside the scope of reasonableness. *See In re Oral Sodium Phosphate Solution-Based Prods. Liab. Action*, 2010 WL 5058454, at *4 (N.D. Ohio) (finding an hourly rate of $150 for paralegals reasonable). Additionally, these cases are all more than a decade old. If an hourly rate of $350 was reasonable for an ERISA case in 2008, it would certainly be reasonable from 2019 to 2022, when the present costs were incurred; similarly, if $150 was reasonable for a paralegal in 2010, $160 is reasonable in 2019. This Court finds, considering the experience of counsel, the nature of the case, and the current legal market in the area, the hourly rates given by Plaintiff are reasonable.

Additionally, this Court finds Plaintiff's hours expended are reasonable. The three timekeepers on the matter billed a total of 154.4 hours over three years. (Doc. 59, at 5). The submitted timesheets reflect reasonable time spent on each task – for example, six and a half hours were spent by a partner drafting, revising, finalizing, and filing a brief; half an hour was spent by a paralegal drafting notices of depositions. *Id.* at 9, 11. These are efficient billings by the appropriate member of the legal team for each task.

Lastly, this Court finds the costs associated with the action to be correctly calculated by Plaintiff. The undersigned therefore finds it appropriate to award Plaintiff the total requested: $51,871.70, consisting of $49,952.20 in attorney fees and $1,919.50 in costs.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 59) be, and the same hereby is, GRANTED against all Defendants.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE